AO 248 (Rev. 08/20) ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/18/2021

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

ATDILON BAEZ

Case No. 1:15-cr-755

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

  ☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____ . If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

  ☐ Time served.

  If the defendant's sentence is reduced to time served:

    ☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

2

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before          , along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

The Court has considered Mr. Baez's application, Dkt. No. 146, as well as the materials presented to the Court in connection with his sentencing.  The Court recognizes that the "First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release."  United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020).  Assuming, without holding, that Mr. Baez's health conditions--principally his high blood pressure and diabetes--combined with his age, and the circumstances at the facility in which he is incarcerated are sufficient to permit the Court to conclude that extraordinary and compelling circumstances that might support a modification of his sentence exist in this case, after evaluating the factors set forth in 18 U.S.C. § 3553(a), the Court does not believe that a modification of Mr. Baez's sentence is appropriate at this time.

The Court sentenced Mr. Baez to principally to 105 months imprisonment for his crimes of conviction:  being a felon in possession of a firearm, and selling a firearm to a known felon.

According to Mr. Baez's submission, he had served "over five years" of his sentence at the time of his application for compassionate release. Dkt. No. 146 at 13. The Court does not conclude that a reduction is warranted at this time. While the factor related to the need for Mr. Baez to receive medical care arguably weighs more heavily in favor of a lesser sentence now, the Court's assessment of all of the other § 3553(a) sentencing factors, all continue to weigh heavily against a modification of his sentence now. The Court commented at length on the § 3553(a) factors at sentencing, and will not retread them all here. The nature of Mr. Baez's crime was very serious. He was a felon who possessed a firearm, and he sold firearms to a known felon. Sentencing Transcript ("Tr."), Dkt. No. 142 at 45:10-25. During the course of his conversations with a CS in connection with the crime he told him that "he flipped guns, that he had an associate who converted semiautomatic weapons to fully automatic, and in which he expressed an interest in purchasing cocaine and willingness to participate in a robbery and to provide equipment in order to pose as police officers during that robbery. In a later recorded conversation with the CS, Mr. Baez again expressed interest in robbing a drug dealer and said that he had access to some 'big shit' to intimidate the intended victims." Tr. at 46:4-11.

Mr. Baez states in his submission that his sentence was a "result of his offense level and prior non-violent criminal record comprised entirely of small-time local/state misdemeanor convictions." Dkt. No. 146 at 10. The Court found that Mr. Baez lied repeatedly to the Court in connection with his criminal proceedings. See, e.g., Tr. at 6:25-11:4; 50:14-20. Mr. Baez's assertion that his prior record consisted only of "small-time local/state misdemeanor convictions" is not accurate. Mr. Baez was convicted in this case as a felon in possession of a firearm: he had been convicted of a felony prior to his conviction in this case, not merely misdemeanors. Mr. Baez was sentenced to

4

stints of imprisonment in connection with crimes that cannot be properly categorized as "small time."  For example, Mr. Baez was sentenced to four years imprisonment in 1995 for possession of a controlled substance in the third degree; five years imprisonment in 2002 for conspiracy to commit burglary; and 5 years imprisonment in 2011 for possessing a controlled substance. Presentence Report, Dkt. No. 131, at 7-12.  Mr. Baez had a significant criminal history, including convictions for burglary, which placed him in criminal history category VI.  Tr. at 49:21-50:8 ("He has only 13 criminal history points, to the extent I can say that only 13 criminal history points, but he's been convicted of crimes 16 times since he turned 18.  His first offense, as commented on by Mr. Enzer, involved the illegal possession of a shotgun.  Since then, his crimes ranged from breaching the peace, to assault, to possession of a controlled substance with intent to distribute on school property, conspiracy to commit burglary, burglary, and other weapons offenses.  At base, despite his many criminal convictions and sentences, Mr. Baez has continued repeatedly to violate the law.  Offered the opportunity to sell guns to a truly despicable character he met in jail, Mr. Baez seized it, despite the fact that he was a mature man at the time.").

The need for the sentence imposed to impose just punishment as well as to achieve the goals of personal and general deterrence continue to weigh heavily in the Court's assessment of the § 3553(a) factors, given the nature of Mr. Baez's underlying offense.  And, unfortunately, as the Court noted at sentencing, the Court is concerned regarding the need for personal deterrence for Mr. Baez, in particular in light of his prior criminal history, and false statements at trial.  As a result, based on its assessment of the factors described in the statute, the Court does not believe that early release at this time is appropriate.

Nonetheless, the Court is pleased to read of Mr. Baez's accomplishments while in prison. They are worth of applause. The Court hopes that Mr. Baez will be able to continue his progress. The Court also hopes that Mr. Baez's age and health conditions will lead the Bureau of Prisons to prioritize him in the vaccination schedule.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated:

January 18, 2021

_____
GREGORY H. WOODS
UNITED STATES DISTRICT JUDGE